# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION



A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                   MDL No. 2570

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in twelve actions move to centralize this litigation in the Southern District of Indiana. Defendants[1] oppose the motion for centralization or, if the Panel deems centralization to be appropriate, support the Southern District of Indiana as transferee district. The litigation consists of 27 actions pending in eleven districts, as listed on Schedule A.[2]

On the basis of the papers filed and hearing session held, we find that these 27 actions involve common questions of fact, and that centralization in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defects in the design of Cook's inferior vena cava ("IVC") filters makes them more likely to fracture, migrate, tilt, or perforate the inferior vena cava, causing injury. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, Cook argues, *inter alia*, that (1) the unique facts of each individual plaintiff's case will predominate over common facts; (2) these actions involve different models of Cook IVC filters and allege different injuries; (3) alternatives to centralization are available to minimize duplication of effort; and (4) creation of an MDL will encourage the proliferation of meritless claims against Cook. We have addressed and rejected each of these arguments, in some instances made by Cook, in past decisions.

As we held in *In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, "[t]hough these actions present some individual issues of fact, this is usually true of products liability cases and

---

[*]      Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]      Cook Medical Incorporated (which is alleged in some cases to be also known as Cook Medical, Inc.), Cook Incorporated d/b/a Cook Medical, Cook Group Incorporated (sued in some cases as "Cook Group, Inc.") and William Cook Europe ApS (collectively "Cook").

[2]      The Panel is aware of five additional actions pending against Cook in two districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

medical device cases, in particular." 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013) (citation omitted); *see also In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010). As in *Zimmer*, "these actions do share paramount issues concerning the design, manufacture, testing, and marketing of a single medical device"—Cook's IVC filter. *See id*.

Indeed, Cook does not dispute that discovery and pretrial proceedings among the actions will overlap, even arguing that it will seek to show in every action that all of the design, testing and development, manufacturing, marketing, and post-market surveillance of its filters complied with applicable statutes and regulations; that it conducted extensive bench tests, animal tests, and clinical studies for both IVC filters, including conducting clinical studies that were not required by the FDA; and that perforation and fracture are extremely rare occurrences. Cook also notes that, in each action, it will seek to dismiss plaintiffs' failure to warn claims based on the "learned intermediary doctrine," arguing that instructions for use "accompany every IVC filter into the hands of the plaintiff's physician." While attempts at informal coordination always are commendable, with 32 cases now pending in twelve courts, Section 1407 centralization will place all actions before one court that can structure pretrial proceedings to enhance efficiency and more effectively minimize duplication in pretrial proceedings.

The Panel has rejected the argument that products liability actions must allege identical injuries to warrant centralization. *See, e.g., In re: Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp.2d 1371 (J.P.M.L. 2007). And the Panel previously has centralized actions involving different models of products made by the same manufacturer where plaintiffs allege a common defect. *See, e.g., In re: MI Windows & Doors, Inc., Prods. Liab. Litig.*, 857 F. Supp. 2d 1374 (J.P.M.L. 2012); *see also In re: Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1379 (J.P.M.L. 2013)

As it did in *In re: Cook Pelvic Mesh*, Cook here argues that the creation of an MDL will encourage plaintiffs' counsel to proliferate the litigation and file meritless claims. We rejected that argument and Cook provides no reason we should revisit that decision. *See In re: Cook Pelvic Mesh*, 949 F. Supp. 2d at 1375 ("'The response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly.'") (quoting *In re: Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006)). Moreover, whether particular claims are without merit is a matter "more appropriately addressed to the court which oversees those claims." *Id*. Indeed, the transferee court handling several cases in an MDL likely is in a better position—and certainly is in no worse position than courts in multiple districts handling individual cases—to properly address meritless claims. There are many tools a transferee court may use to accomplish this task. And importantly, if defendants believe plaintiffs' counsel are filing frivolous claims, it is incumbent upon defense counsel to bring that concern to the attention of the transferee court, and to propose a process to identify and resolve such claims.

We conclude, and no party disputes, that the Southern District of Indiana is an appropriate transferee district for pretrial proceedings in this litigation. Cook is headquartered in Indiana, where relevant documents and witnesses are likely to be found. More than half of the actions are pending

in this district, almost all before Judge Richard L. Young.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of Indiana, and, with the consent of that court, assigned to the Honorable Richard L. Young for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell   Charles R. Breyer
Lewis A. Kaplan       Sarah S. Vance
R. David Proctor

**IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION** MDL No. 2570

## SCHEDULE A

Central District of California

BRADY, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 2:13-04725

Southern District of Indiana

ADAMS, ET AL. v. COOK MEDICAL, ET AL., C.A. No. 1:13-00013
JUNG v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-00925
NALY v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-00986
METRO v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-01048
SUMNER v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-01845
SHAFER, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-01946
TASKER v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00139
CADENA, ET AL. v. COOK MEDICAL, INC., ET AL., C.A. No. 1:14-00580
MOORE, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00736
ELDER, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00784
WELLS, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00841
CHAPMAN v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00998
HARRIS, ET AL. v. COOK MEDICAL, INC., ET AL., C.A. No. 1:14-01034
CASH v. COOK MEDICAL INCORPORATED AKA COOK MEDICAL, INC., ET AL.,
C.A. No. 1:14-01202

Western District of Kentucky

BOBO v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 5:14-00119

District of Montana

ANGUS v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:14-00043

District of Nevada

STOCKTON v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 2:12-02000
TRUE v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 2:13-00413

**MDL No. 2570 Schedule A (Continued)**

<u>Eastern District of North Carolina</u>

PERRY-O'FARROW, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 5:13-00587

<u>Northern District of Ohio</u>

CADLE v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 5:13-01255

<u>Middle District of Pennsylvania</u>

WONDER v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 1:13-02288
WALCK v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 3:13-01839

<u>Middle District of Tennessee</u>

PADGET v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 3:13-00998
ALLEN v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 3:14-01252

<u>Eastern District of Washington</u>

ESLICK v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 2:14-00135

<u>Northern District of West Virginia</u>

WEST, ET AL. v. COOK MEDICAL INCORPORATED, ET AL., C.A. No. 5:13-00109